Nicholson, C. J.,
delivered the opinion of the court.
The questions to be determined in this case arise upon the following facts.
D. T. McGavock was the ■ owner of 195 acres of land near Nashville, and having sold and conveyed 40 acres, and contracted to convey 5 more acres, leav *714 ing 155 acres to which he had the legal title, he conveyed, .on the 26th of January, 1856, 150 acres in trust to A. V. S. Lindsley, to secure to M. W. Wet-more $15,000.
In the deed it is provided that McGavock and Wetmore shall proceed as soon as practicable to have the 150 acres surveyed and laid off into lots, with streets and alleys, and that after sales are made sufficient to pay Wetmore’s debt, then the remaining lots shall be divided equally between McGavock and Wet-more.
It is recited in the deed that McGavock is to convey five acres of the 155 to Fleming Scott, — this five acres not being included in the deed to Lindsley.
Soon after the deed to Lindsley was executed, McGavock and Wetmore procured Woodward to survey the entire 155 acres, and to lay the same off into lots, with streets and alleys, laying off five acres in one block, bounded by the streets and alleys which were laid off in dividing the 150 acres.
A rough, plan of the survey, showing the sub-division, lots, streets and alleys, was prepared, and submitted to McGavock and Wetmore. This plan was upon coarse brown paper, not designating the lots by numbers, Or the streets or alleys by names, and was manifestly incomplete and only experimental, and although Woodward says it was accepted by McGavock and Wetmore as satisfactory, it does not appear that they ever adopted it as a permanent plan of division, by having it recorded or proceeding to sell lots under it.
After this plan was prepared, to-wit, on the 26th *715 of June, 1856, McGavock conveyed the five acres to Shelton Scott, describing the same thus:—
“ Beginning at the centre of two alleys intersecting, 16 feet wide each, running thence with the centre of the alley parallel with Filmore Avenue, 1ST. 40|-° W., 574 .feet, to the centre of Scott street, being 50 feet wide; thence, with said Scott street extended, jST. |-° W., 379 feet, to the centre of a 75 feet avenue; thence, with the centre of said avenue, S. 40J° E., 574 feet, to the centre of an alley running parallel with Scott street, at its intersection with said avenue; thence with said alley, which is 16 feet wide, S. |-° E., 379 feet, to the beginning, — containing 5 acres.”
The conveyance was to Shelton Scott, with covenants of seizin and warranty of title; but he was to hold it in trust for the sole and separate use of his mother, Ruth Scott.
It is to be observed, that this deed contains no express reference to the plan of division made by "Woodward, but the references to streets, alleys, and avenues, corresponding with those laid down on the plan, renders it certain that the streets, alleys, and avenues in that plan were adopted as boundary lines of the five acres.
The fee simple title is conveyed to the centre of each of the streets, alleys, and avenues, named as boundaries, and there is nothing in the recitals, or in the covenants, which expressly conveys to the grantee any right of" way or easement in any land outside of • the boundary lines.
To make up the five acres, the lines are run and *716 measured to the centres of the several streets, alleys, and avenues, and the grantee took immediate possession up to the boundaries, by building a fence around the tract on the centre of the streets, alleys, and avenues.
It appears that the grantee proceeded, in a short time, to erect a valuable brick house on the tract, together with out-houses and other improvements, and these, he alleges, were made ' especially with reference to the seventy-five feet avenue running on the west side of the tract, by fronting his residence on that avenue.
A few months after the execution of the deed by McGavock to Scott, to-wit, in November, 1856, Me-Gavock and Wetmore abandoned the plan of division made by Woodward, and procured him to make another survey and division.
By this plan, the 50 feet street called in the first plan, Scott street, on the north of the five acres tract, and the 16 feet alley on the south, 'were left off or abolished; the 75 feet avenue on the west, was changed to a 16 feet alley, and it was proposed to run a 50 feet street directly through the centre of the five acres tract, from north to south,, thus splitting the tract, which was a parallelogram, into equal parts.
By this plan, instead of having one front of 574 feet on the 75 feet avenue on the west, with a depth of 379 feet, the tract would have two frots on the 50 feet street, of 574 feet each, with a depth of 158 feet each way.
It is proved by Woodward, that at the request of *717 McGavoek and Wetmore, he submitted the new plan to Scott, to obtain his consent to the changes; but he says Scott refused to give his consent.
At Scott’s request, however, he made out a plan of the new division, as it affected the five acres tract, and left it with him.
Whether this new plan was submitted to Scott before or after he had made his improvements, does not distinctly appear. But it does appear, that McGavoek and Wetmore adopted the new as the permanent plan of division, had the same recorded, and after lots enough were disposed of to satisfy Wetmore’s debt, the residue were equally divided between McGavoek and Wetmore.
It does not appear, however, that any of the lots of M’Gavock and Wetmore adjacent or contiguous to the five acres tract, have been improved, but the same seem still to constitute an open common.
It appears further, that various sales of lots within the five acres tract, have been made by the trustee and beneficiaries of the Scott deed, and a number of houses and other improvements made thereon by the purchasers; and it is alleged that all these sales and improvements were made with reference to the first plan of division, regarding the 75 feet' avenue as the front of their several lots.
It is alleged that if the new plan is continued, with the 50 feet street running north and south through the tract, and with only a 16 feet alley, instead ' of a 75 feet avenue, on the west, it will be necessary for complainants and the purchasers of lots from them, *718 to incur great expense in changing their improvements so as to adapt them to the new plan; and that, as complainants have sold lots in reference to the old plan, they will be liable to suits for damages.
The bill is filed by the trustee of Ruth Scott, ■against Wetmore, the heirs of McGavock, and all the parties interested in the lots under the new plan, and it prays that the new or substituted plan be set aside, and the first or original plan established.
A demurrer to the bill by all the defendants, was overruled, and all having failed to answer except the heirs of McGavock, Special Chancellor McHenry, upon the pleadings, pro eonfesso’s, answer, and proof, dismissed the bill.
The relief prayed for by the complainants can rest only on the ground that they acquired a vested right in the streets, alleys, and avenues, on which their tract of land is bounded, as set out in the deed of Mc-Gavock to Scott, which right has been violated by the substitution of another plan ignoring these streets, alleys, and avenues.
The only rights which complainants could acquire by their deed, in the several streets, alleys, and avenues, were those either of private way or public easement.
We have seen that McGavock conveyed the fee simple title to Scott to the centre of the bounding streets, alleys, and avenues. At the time of the conveyance, these streets, etc. had no other existence than on paper. As Scott got a fee simple title to the centre of the streets, etc., which McGavock designated *719 as streets, etc., to be afterward laid off and opened, Scott had the absolute right to the use of one-half of the ground so designated as easements.
The questions, therefore, as to the right of way cannot arise, except as to so much of the ground designated as streets, etc., as lies outside of the five acres tract.
¥e have stated, that the only reference made in MeGavockls deed to Scott, to the streets, etc., is by way of bounding the five acres tract. No such streets existed, and none such had been used and recognized as highways. They had been laid down on the experimental plan, but beyond this they had no existence.
Two things are necessary to constitute a dedication at common law, of private property to public use; first, there must be a plain and unequivocal intention on the part of the owner to appropriate the propertjr to public use; and, secondly, there must be an acceptance, by user or otherwise, on the part of the public.
So it has beén held, that when the owner of land in a city sells it as building lots, bounding them by streets of a specific width as laid down on a map, but not actually opened, the purchasers acquire a legal right as against the grantor to have the streets opened to the width dedicated in the map, and the land thus included in the street will be dedicated to public use. 3 Wash. Real Prop., 412.
But to create an easement, it is not enough that that the owner of land shall indicate his intention to dedicate it to the public by designating streets and *720 alleys on a plat. To make the dedication complete, so as to vest in the public an easement, there must be an acceptance of the dedication by the public, by user or otherwise.
But when the owner sells, and makes reference to a street or way as a boundary of the land sold, which street or way also belongs to him, such reference will estop him from denying the existence of, and right to use, such street or way by the grantee. 3 Wash. Real Prop., 412, and authorities cited.
Applying these principles to the facts of the present case, it follows that as McGavock owned the five acres, and bounded the same by reference to streets and alleys one-half of which belonged to him in sev-eralty, and the other half as tenant in common with Wetmore, he would be estopped from denying the existence of, and right to use, the streets and alleys so referred to, by Scott, his vendee. And if such streets and alleys had been used by the public, the dedication would have been complete, and the easement fully created.
But as there had been no such user by the public when the conveyance was made, and as the plan of the division was not perfected as the permanent plan, the dedication to the public was incomplete, and the only effect of the sale of the five acres tract to Scott, by reference to the streets and alleys as boundaries, was to estop McGavock from denying the existence of such streets and alleys, and to give to Scott the right to the use of the streets and alleys so referred to.
*721 But it is said in 3 Wash. Real Prop., 412, that such reference to the streets and alleys as boundaries would not amount to an implied covenant that they did or would exist as such streets or alleys. On this point, however, there is an apparent conflict in the authorities. Mr. Washburn says, that in 21 Pick.,
292, it was held that such reference would amount to an implied consent on the part of the grantor that there were such streets and alleys. This probably means no more than that' the grantor is estopped from denying the existence of such streets and alleys.
It is obvious, that whatever rights of easement Scott acquired in the streets and alleys adjoining his five acres tract, were derived from McGavock alone, and any estoppel or covenant thus acquired could operate only as against McGavock, the maker of the deed. We have seen, however, that McGavock was not the exclusive owner of any of the land outside of the boundaries of the five acres. The legal title was in Lindsley as trustee, and the equitable title was in McGavock and Wetmore, as tenants in common.
It is settled that the dedication of a highw'ay to-the public use, must be by all the owners. One of several tenants in common cannot make a valid dedication without the consent of his co-tenants, either express or implied. Scott v. State, 1 Sneed, 629; Wash. Easm. & Servit., 37.
There is nothing in the record that connects either Lindsley or Wetmore with the conveyance by McGav-ock to Scott of the five acres. It follows that no valid dedication of the streets and alleys was made *722 by McGavock’s deed, and that Scott acquired no rights of easement in the streets and alleys.'
If he acquired any rights which have been violated, his remedy is for damages against McGavock, by suit at law, and not by injunction against the tenants in common.
Without discussing other questions argued at the bar, we deem it enough to add, that upon a careful examination of the various conveyances made by the trustee of Mrs. Scott to purchasers of lots within the five acres tract, we are brought to the conclusion, that the recitals in the deeds make distinct reference to the street called Florence street, proposed by the new plan to be run through the tract, together with other facts showing that the new plan was recognized and acquiesced in by complainants; and therefore that the allegations of the bill, which are denied by the answer, have not been sustained.
We are therefore of opinion, that there was no error in. the decree of the Chancellor, and the same is affirmed with costs.