## M. O. HENDERSON v. DENNIS DONOVAN.

:SALE OF LAND. *Vendor and vendee. Streets.* Where the owner of land
sells it as building lots, bounding them on streets of a specified width
as laid down on a map, although not actually opened, the purchaser
acquires a legal right as against the grantor to have the streets
opened to the width designated in the map. And if the land on
which the streets are laid off belong to the vendor, the purchaser
may, as against him and those claiming under him by the same sale,
enforce the opening of the streets, or the keeping of them opened,
.and, if this mode of relief cannot be had, may have an abatement
·of the purchase price.

### FROM MADISON.

Appeal from the Chancery Court at Jackson. T.
«C. MUSE, J.

. . R. J. HAYS for complainant.

R. W. HAYNES for defendant.

COOPER, J., delivered the opinion of the court.

Bill filed January 1, 1878, to enforce an express
vendor's lien for unpaid purchase money of land. The
defendant filed a cross-bill for a deduction from the
purchase price by reason of the partial closure of a
·street bounding the land. The chancellor made the
·deduction claimed, and, upon the appeal of the original
·complainant, the Referees recommend 'a reversal of the
·decree. The exceptions to the report open the case.

The deed of the complainant to the defendant de-
.scribes the land sold and conveyed as contiguous to

the Butler division of the city of Jackson, " in Block. No. 29 and lot No. 2 as designated on plan prepared by J. B. Cook, bounded as follows, to-wit: Beginning on a stake, 12 feet south of James O'Conner's southwest corner, on the east side of Short street, runs south 48 poles to north boundary of Lake street, thence east 32⅓ poles to Mobile avenue, thence north 48 poles to a stake 12 feet south of O'Conner's south-east corner, thence west 32⅓ poles to the beginning." The sale and conveyance were made December 31, 1867, with the privilege of extending the payment of the purchase money for not exceeding ten years by paying the interest every six months. The defendant made payments both of principal and interest of the purchase money until shortly before the filing of the bill, when he found that Short street—one of the streets called for by his deed and bounding his land on the west—was being narrowed by the owner of the land on the opposite side of the street. Since the commencement of the suit, the defendant has paid into court the residue of the purchase money upon a written agreement between the parties, without prejudice to his rights in the litigation.

The deed itself, as we have seen, shows that the land sold and bought was a lot in a specified plan of lots laid off adjacent to the city of Jackson. It calls for streets on three sides of the land, the street on the west being designated as Short street. The averment of the cross-bill is that the plan was graduated to the scale, and that short Street was marked thereon as of the width of 50 feet, and that the sale

and purchase were made on the faith of the plan. The answer to the cross-bill does not deny that the sale was by a plan in which the streets called for were laid out. It merely denies that there were any other or different representations as to metes and bounds, streets and alleys than those set out in the deed. It says: "That the streets and alleys of the Butler division of the city of Jackson are none other than those which were then and are now in and around the property sold to the defendant, and that the said sub-division and survey of Cook, by maps or otherwise, did not then nor since lay down, or intend any street or alley, on either side of said property to be 50 feet wide, and any and all such streets of that width are and were, then and now, imaginary so far as Donovan is concerned, and respondents require strict proof in that regard." The answer is put in by the complainant, and her agent, W. E. Butler, by whom the trade was made. It concedes, what the deed itself states, that the sale was by a plan, and only puts in issue the width of the street.

The plan of the land was in the possession of the agent in his office, and hung up publicly for inspection. The defendant and his brother prove that the sale was by this plan, and that Short street was marked by the agent himself as of the width of 50 feet, the figures 50 being written on the space for the street in the plan. The defendant's brother deposes that he is himself a draftsman, and could see from the eye that the plan was graduated, and that Short street showed a greater width than the other streets. The

·complainant has not introduced the plan, shown when last seen to have been in the possession of her agent, nor has she introduced any testimony on the point in issue. The proof is that the land on the southwestern corner of the land bought was, at the time, ·owned by one Kelly, extending northwardly on Short street about half the length of defendant's lot, and that the complainant owned the residue of the land in front ·of defendant on Short street, and sold it to Kelly .after the sale to defendant. Kelly has run a fence the whole length of Short street in front of defend-.ant's land, so as to reduce the width of the street to 30 feet. The witnesses all agree that the reduction in the width of the street has diminished the value ·of the defendant's land. The lands were entirely open when the sale and purchase were made.

The authorities are uniform, it is believed, that when the owner of land sells it as building lots, bounding them on streets of a specified width as laid down on a map, but not actually opened, the pur-·chasers acquire a legal right as against the grantor to have the streets opened to the width designated on the map: 3 Wash. Real Prop., 417. The law has been ·so recognized by this court: *Leake* v. *Cannon*, 2 Hum., 169; *Scott* v. *Cheatham*, 12 Heis., 713; *Hardy* v. *Memphis*, 10 Heisk., 127. If the land on which the :streets are laid belong at the time to the vendor, the purchaser may as against the vendor and those claiming under him by the same sale enforce the opening of the .streets, or the keeping of them open, as was held in ·the first of the cases cited. If for any reason, this

mode of relief cannot be afforded, the purchaser is entitled to an abatement of the purchase money to the extent of the loss or injury sustained: *Moses* v. *Wallace*, 7 Lea, 413. The fact that Kelly owns a part of the land along the street, and has acquired the residue by an independent sale which does not recognize the plan under which the defendant purchased, prevents a specific performance, and the only remedy of the defendant is to have an abatement of the purchase money. To that extent the defendant's right to relief is clear.

No exception was taken to the report of the clerk in the court below upon the amount of damage sustained by the defendant by narrowing the street. Nor was any exception made by the complainant to the report of the Referees, nor any question made in the argument submitted in her behalf on this point. The report of the Referees will therefore be set aside, and the decree of the chancellor affirmed with costs.