Dr. Thomas M. McCord

*v.*

A. J. Hays et al.

(*Jackson,* April Term, 1957.)

Opinion filed May 3, 1957.

HEWITT TOMLIN, JR., and RUSSELL RICE, Jackson, for appellant.

ADAMS & ADAMS, Humboldt, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The complainant, Thomas M. McCord, filed his original bill in the Chancery Court of Gibson County against A. J. Hays and wife, H. B. Stallings and wife, J. G. Barnett and wife, and Mrs. W. E. Dunlap, all of whom are alleged to be property owners in the Town of Humboldt, seeking to enjoin the defendants, and each of them, from erecting a barrier across a certain alley which separates

the complainant's property from the property owned by the defendants.

This ten foot alley extends from Osborne Street south to an alley which runs parallel with Osborne Street. Complainant McCord, defendants, Hays and wife, Barnett and wife, and Stallings and wife are the owners of property on the right of the alley (looking north toward Osborne Street) while Mrs. W. E. Dunlap owns all the property on the opposite side of the alley. All of the involved lots, and the alley in question, are within what was originally designated as "Block No. 1 in the Roe Addition to the Town of Humboldt."

The complainant charges that this alley is a public alley and not a private alley as claimed by Mrs. W. E. Dunlap, who is the only named defendant answering the bill. A *pro confesso* was taken as to all other defendants.

The bill charges that Mrs. Dunlap, without authority, has presumed to exercise complete dominion and control of the alley in question to the exclusion of complainant on the theory that it is a part of her property and has not been lawfully dedicated as a public thoroughfare.

The Chancellor dismissed the bill and granted complainant an appeal to the Court of Appeals. That court in an exhaustive opinion reversed the Chancellor, holding that the said alley was a public alley as shown by numerous exhibits and testimony introduced in the trial court. We granted *certiorari,* and the issues were orally argued by counsel for the respective parties.

The Chancellor filed a written opinion in the case, in which he held:

"(a) That the alley in question was not a public alley;

"(b) The preponderance of the proof was that it had never been dedicated;

"(c) That it has never been received or accepted by the City as a public alley;

"(d) That it was not used by the public to such an extent and in such a manner as to constitute it a public alley either by dedication or prescription;

"(e) That all abutting property owners considered it a private alley, if any alley at all;

"(f) That occupants of property on the east side of the alley in erecting their building placed no rear entrances or gave any indication that they considered it an alley, and gave no indication that they had any rights of ingress and egress over it; and

"(g) That W. E. Dunlap and his wife treated it as a private alley, paving a part of it themselves; that it had been adversely held by Dunlap for more than seven years and that the Statute of Limitations pled by defendant is applicable."

The foregoing opinion of the Chancellor was made the basis of assignments of error in a broad appeal to the Court of Appeals. In giving consideration to these assignments that court said:

"There was a broad appeal to this Court, which makes it necessary that we examine the entire record, both as to facts and the applicable law, presuming the Decree of the Chancellor to be correct unless the pre-

ponderance of the proof is otherwise. Tenn.Code Annotated, Sec. 27-303; *Atlas Powder Co. v. Leister* 1954, 197 Tenn. 491, 274 S.W.2d 364''.

This Court likewise examines the entire record in considering the assignments of error in the petition for *certiorari*.

It would unduly prolong this opinion for us to discuss in detail all the evidence that was considered by the Chancellor and the Court of Appeals. It seems clear, however, that if the Dunlaps are permitted to close this alley, claiming ownership of it by deraignment of title, or by adverse possession, and that it had not been made public by any lawful dedication, the complainant's suit was properly dismissed even though the erection of the barricade by Mrs. Dunlap results in damage to his property. In other words, if the foregoing is true, or is not overcome by the preponderance of all the evidence, the said alley must be decreed to be private and not a public alley.

The burden is upon the complainant McCord to show by competent evidence all the elements and conditions necessary to show that this is a public alley as distinguished from a mere privateway. On the issue of dedication the evidence relied on to establish such dedication must be clear and convincing, that is, that there was an intention to dedicate it and an express or implied acceptance by the public. *Scott v. Cheatham,* 59 Tenn. 713; *McKinney v. Duncan,* 121 Tenn. 265, 118 S.W. 683; *Nashville Trust Co. v. Evans,* 30 Tenn.App. 415, 206 S.W. 2d 911; and *Raht v. Southern Ry. Co.,* Tenn.Ch.App., 50 S.W. 72. It must be conceded that dedication is a ques-

tion of intention, and that such may be either express or implied.

We will first consider the evidence as to the right of Mrs. Dunlap to claim ownership of the alley by deeds of conveyance and other evidence of ownership. No question is made that this alley and abutting property is not included in ''Block No. 1 of the Roe Addition to Humboldt'' as shown by Exhibit A to the testimony of the complianant. This exhibit drawn by a competent surveyor, one Jack C. Campbell, was taken from a map of Humboldt which was made by Oldfield and Brady in 1914, and indicates the presence of an alley running back of the McCord property. This map was made from authentic deeds which were offered in evidence, and showed without dispute that Mrs. Dunlap's property line *did not include the alley*. Another Exhibit B to Campbell's testimony shows a public storm sewer running up the center of the alley in the rear of McCord's property to a point where it passes underneath the lot north of McCord. This storm sewer was constructed by the City of Humboldt at least 20 years prior to the bringing of this suit.

Mr. Howard J. Foltz, who was Mayor of Humboldt for twenty years, testified that he knew about the barricade being erected and he reported it to the Board of Aldermen; that, as head of the Street Department, it became his duty to report it. He stated as a positive fact that, of his own knowledge, *this alley had been open for well over fifty years* even before the Dunlap house was built, and that it was open generally to public use. There are a number of deeds in the record showing that this alley was not only the western boundary line of the

complainant's property, but was used as a boundary line in the Dunlap chain of title as far back as 1872 (R. 21-22). In 1910 Mr. W. E. Dunlap, husband of the defendant, was a grantor of this property and in his deed he referred to the alley as the eastern boundary line (R. 115-145). Moreover it appears on the map of the City of Humboldt, dated July 7, 1925, showing the water distribution system of the city.

We have thus far referred to deeds, maps and assessments which favor the complainant's contention that this is in fact and, as a matter of law, a public alley. Now according to former Mayor Foltz, who was a wholly disinterested witness, this alley had not been barricaded until 1950. But this particular phase of the controversy is in dispute. There is testimony by defendant that it had been used as a private alley and had been closed at times, or "from time to time".

Regarding the assessment records, which show that the alley was never assessed to Mrs. Dunlap, counsel say that the record is inaccurate. When the entire record is considered, and properly evaluated, we think it preponderates in favor of the complainant's insistence that the said alley was not private, and that Mrs. Dunlap had no authority to exercise ownership and control over it.

The counsel earnestly contend, both in oral argument and on their brief, that *"there is no evidence in the record, or even intimation, that the alley had ever been dedicated, accepted or used as a public alley."* Their insistence is thus italicized and is the principal ground of defense to complainant's suit. But it is further argued that Mrs. Dunlap is the owner by reason of adverse pos-

session and that the complainant's suit is barred by the statute of limitations.

Considering first the contention that there is no showing of a dedication by the owner, either express or implied, it must be conceded that there is no evidence of an express dedication by Mrs. Dunlap or any prior owner in her chain of title. The complainant makes no contention of an express dedication. But does insist that the preponderance of the evidence clearly shows an implied dedication. We hold that the evidence is clear, convincing and unequivocal that the alley was open to public use. There are no records whatever to establish Mrs. Dunlap's ownership, and the evidence of non-user and nonacceptance by the public is overcome by the weight of evidence.

It is settled law in this State that dedication of a street may be shown by conduct of the owner, and it is not necessary to prove formal overt acts. *Nashville Trust Co. v. Evans, supra,* and *Raht v. Southern Ry., supra.* In this latter case the Court of Chancery Appeals says:

"It is true that there is no evidence produced in this record showing a written dedication or grant, nor is there any attempt to show that the road was ever opened up by order of the county court, or by condemnation by the municipal authorities. * * * It is, of course, well settled that dedication may be established by acts in pais. No formality is required to complete a dedication. It is not affected by the statute of frauds. It may be made either with or without writing, and by any act of the owner, such as the throwing open of his land to the public travel, or by platting it, or selling lots bounded by streets or roads,

designated as such, or by an acquiescence in the use of lands for highways, etc. The vital principle of dedication is the intention to dedicate, and it is said that this must be unequivocally manifested, but it may be evidenced by facts and circumstances, such as long user, etc." (50 S.W. 76.)

The foregoing statement of the general principle finds support in *McKinney v. Duncan,* 121 Tenn. 265, 118 S.W. 683, and other cases cited therein.

The dedication contended for in the case at bar is not that there was any dedication by the present owner but by a former owner of such property, and his grantees, all of whom had by their conduct, and by formal conveyances, *recognized* the right of user by the public, and that the dedication resulted from long continued user by the general public.

"Dedication may arise from the failure of the owner to object to user by the public. A highway may be established in this manner. In such a case there is said to be an inference or presumption that such use and enjoyment had a legal origin, and that the highway was at some anterior period laid out and established by competent authority." 16 Am.Jur., Sec. 45, p. 392.

As pointed out by the Court of Appeals, and not disputed, the deeds by former owners, recognized this alley as a property line, some of these deeds dating as far back as 1872. The same is confirmed by exhibits to the testimony of Jack C. Campbell, engineer and surveyor, and that of Mayor Foltz, who was admittedly a disinterested witness. He testified, as follows:

"Q. From your observation as a long resident of the City of Humboldt and Mayor, prior to your report-

ing the barricading of the alley, to your best judgment how long would you say the alley had been open   A. Well, as far as going through there is concerned, it has been open as long as I can remember, and before Mr. Dunlap's house was built, and the driveway through there.

"Q. How many years in point of time would that cover   A.  Well, over fifty years."

It is further confirmed by the assessment records and the paving of the alley by the city as well as putting in the "storm sewer" above referred to.  The foregoing facts meet the test of intention as declared in *McKinney v. Duncan, supra.*

█ Contention is made by counsel that there is no evidence of acceptance on the part of the public.  We concede that there is no evidence of any formal acceptance by any positive act.  However, acceptance may be shown either by means of a formal act on the part of public authorities or by long continued and adverse user.  *State ex rel. Kincaid v. Hamilton,* 109 Tenn. 276, 70 S.W. 619. See also *Scott v. Cheatham,* 59 Tenn. 713; and *Doyle v. City of Chattanooga,* 128 Tenn. 433, 161 S.W. 997, wherein the Court holds: "The use of a street by the general public may operate as an acceptance thereof so as to bind the dedicator and make the dedication irrevocable."

In the view we have thus far expressed upon the issue of dedication and acceptance, the assignments of error relating to adverse possession and the bar of the statute of limitations, are pretermitted.

The decree of the Court of Appeals is affirmed.