JAMES ALLEN BAKER and FRANCES M. BAKER, Appellants, v. MRS. ELIZABETH P. BUTLER, Administratrix of Estate of R. A. BUTLER, Deceased, MRS. ELIZABETH P. BUTLER, Individually, and AUSTIN A. BAKER, Appellees.—364 S.W.(2d) 916.

Western Section at Jackson. August 1, 1962.

Certiorari Denied by Supreme Court February 7, 1963.

G. L. Morrison and Hughie Ragan, Jackson, for appellants.

E. J. Harris, Bolivar, for appellees.

BEJACH, J., This cause involves an appeal by James Allen Baker and Frances M. Baker, his wife, complainants in the lower court, from a decree of the Chancery Court of Hardeman County which sustained their bill filed in that Court against Mrs. Elizabeth P. Butler as administratrix of the estate of R. A. Butler, deceased, and individually, and against Austin A. Baker, as defendants, but which restricted the relief granted to a recovery of damages, for the ascertainment of which a reference was ordered. A discretionary appeal was granted in advance of the reference. The parties will be referred to in this opinion as complainants and defendants, or called by their respective names.

The material facts of the case are undisputed, and are as follows:

By warranty deeds dated respectively May 23, 1956 and June 1, 1956, signed by Reuel A. Butler and Elizabeth P. Butler, his wife, complainants acquired title to Lots 8 and 9 of Dr. R. A. Butler's Subdivision. The Dr. R. A. Butler's Subdivision referred to in said deeds was established by plat filed of record in the Register's Office of Hardeman County, August 11, 1953, and recorded in Deed Book W-3, at pages 130-132. Said plat shows eight lots on the north side of the Bolivar and Brownsville Road, also called Butler Street, with a 66 foot strip shown thereon east of Lot 8 and extending northwardly beyond the northern boundary of said Lot 8. Said 66 foot strip is referred to in the record as Madison Street or Madison Street Extended. The description of Lot 8 contained in the deed to same, is as follows:

*"Lot No. Eight of Dr. R. A. Butler's Subdivision,*

"BEGINNING At an iron stake, in the field 16½ feet north of R. A. Butler's S.B.L., the S.E. corner of Lot 7 and runs north with the same 175 feet to an iron stake, in the field its N.E. corner; thence east 100 feet to an iron stake, in the field, the extreme N.E. corner of the area by these 8 lots covered, 901.8 feet east of its N.W. corner, on the W.B.L. of a proposed standard street 66 feet wide; thence south with same 175 feet to an iron stake in the field 16½ feet north of R. A. Butler's S.B.L., 33 feet north and 33 feet west of the point where the center lines of old Margin Street (about 1856) intersect, also the extreme S.E. corner of the area by these lots covered, 889.3 feet east of its S.W. corner; thence west 100 feet to the beginning. This lot is based on the courses of the center lines of old Margin Streets (about

1856) extended. Containing 17,500 square feet or
$\frac{4}{10}$ acres, more or less.

"Being Lot No. 8 of the said Butler's Subdivision of his 39 acre McKinnie tract conveyed to him by Mrs. Carrie McKinnie by deed dated July 29th, 1944, of record in Deed Book P-3, at page 575 of the Register's Office of Hardeman County, Tennessee."

After the habendum clause, this deed recites that it is "subject, however, to the following covenants, restrictions and reservations."

"This said Subdivision as presently composed consists of 8 lots, numbered 1 through 8 inclusive, all fronting on the north margin of the old Bolivar and Brownsville Road, now widened and called Butler Street, as shown on the plat of same prepared by R. L. Ray, County Surveyor, July 9, 1953, recorded in Deed Book W-3, pages 130-132 of the aforesaid Register's Office, and for the benefit of the present and future owners of the said lots, it is hereby agreed that the conveyance herein of Lot No. 8, as well as any future conveyance by the grantors herein, their heirs or assigns, of the remaining seven lots in said subdivision, is and shall be made subject to these express restrictions which shall be deemed to run with the land:"

Then follows eight building restrictions, which are not material to the issues involved in this law suit. The description contained in the deed to Lot 9 is as follows:

*"Lot No. Nine of Dr. R. A. Butler's Sub-division.*

"BEGINNING at an iron stake in the field, said point being the Northeast corner of Lot No. 7 of Dr.

R. A. Butler's Sub-division conveyed by the grantors herein to J. M. Cohn et ux. by deed dated Feb. 12, 1954, of record in Deed Book W-3, page 294, Register's Office, and the Southeast corner of Lot No. 10, and runs north with the E.B.L. of said Lot No. 10, 175 feet to an iron stake in the south margin of a street (yet unnamed), the N.E. corner of said Lot No. 10; thence east 100 feet along the margin of said street to an iron stake in the west margin of Madison Street Extended; thence south with same 175 feet to an iron stake, the N.E. corner of Lot No. 8 of said Sub-division; thence west 100 feet with the N.B.L. of said Lot No. 8 to the beginning. Containing 17,500 square feet or $\frac{4}{10}$ acres, more or less.

"Being Lot No. 9 of the said Butler's Sub-division of his 39 acre McKinnie tract conveyed to him by Mrs. Carrie McKinnie by deed dated July 29, 1944, of record in Deed Book P-3, at page 575 of the Register's Office of Hardeman County, Tennessee.

After the habendum clause of said deed to Lot 9, the following appears, "subject, however, to the following covenants, restrictions and reservations:

"This said Subdivision has heretofore been composed of 8 lots, numbered 1 through 8 inclusive, all fronting on the north margin of the old Bolivar and Brownsville Road, now widened and called Butler Street, as shown by the plat of same prepared by R. L. Ray, County Surveyor, July 9, 1953, recorded in Deed Book W-3, pages 130-132 of the aforesaid Register's Office; however, said Sub-division is now being enlarged and additional lots included beginning with the above Lot No. 9 and continuing in that numerical

order westward, and for the benefit of the present and future owners of said lots, numbered 1 through 9 inclusive, it is hereby agreed that the conveyance herein of Lot No. 9, as well as any future conveyances of any of said nine lots by the grantors herein, their heirs or assigns, is and shall be made subject to these express restrictions which shall be deemed to run with the land:''

Then follows the same building restrictions as set out in the deed to Lot No. 8, which building restrictions are not material to the issues of this law suit.

Complainant's deeds to said Lots 8 and 9 were promptly recorded in the Register's Office of Hardeman County, Tennessee.

Lot No. 9 is immediately north of Lot No. 8, and there is no access to it except by means of the 66 foot streets east and north of same shown on the plat and described in the deeds to Lots 8 and 9. Complainants built a residence on Lot 8 which they occupied until a short time before the institution of the present law suit. They sold it, along with Lot No. 8 on which it was built. In the meantime, Dr. R. A. Butler had died intestate. His estate was insolvent, and defendant, Elizabeth P. Butler, as administratrix of his estate, filed suit in the County Court of Hardeman County against their minor children seeking a sale of real estate for the purpose of paying his debts. Incident to this proceeding, Mrs. Butler had prepared a new plan of subdivision which was approved by the Planning Commission of the City of Bolivar. Within the limits of this new subdivision lie all the land involved in this litigation; and the sale in the County Court was made pursuant to said new plan of subdivision. At the sale,

Lot No. 78 of the new subdivision was sold to Mrs. Elizabeth P. Butler and all the remainder of said new subdivision was sold to defendant, Austin A. Baker. These sales were confirmed.

The new subdivision plan completely eliminated Madison Street Extended, north of Butler Street, and the proposed new street north of Lot No. 9. It also took from Lot No. 9 as part of a new street designated as T.V.A. Row, the northwest portion of Lot No. 9. The record discloses that defendant Austin A. Baker made no investigation and had no check made of his title.

After complainants had sold Lot No. 8, together with the residence erected thereon, they undertook to build a home on Lot No. 9, but were refused a building permit by the City of Bolivar, because there was no street on which the proposed building could face. Thereupon, complainants filed their bill in the Chancery Court of Hardeman County setting out the facts substantially as above narrated. In their bill they pray that the decree in the County Court in the case of Elizabeth P. Butler, et al. v. Forrest Michael Butler, et al., which undertakes to vest title in defendants to any part of the 66 foot streets east of Lots 8 and 9 and north of Lot No. 9, or to any part of Lot 9 itself, be declared null and void; that the 66 foot street east of Lots Nos. 8 and 9, as shown on the plat filed for record August 11, 1953 and recorded in Deed Book W-3, pages 130-132, Register's Office of Hardeman County, and the unnamed 66 foot street referred to in complainants' deed to Lot No. 9 be opened; that complainants' rights in and to such streets be fixed by proper decree; and that an injunction issue restraining the conveyance or encumbrance of any part of such streets, and for general relief.

As stated above, the Chancellor sustained complainants' bill, but granted no relief except a reference to ascertain the amount of damages sustained by complainants. Complainants' single assignment of error filed in this Court complains of this limitation by the Chancellor of their right to relief, under the facts established. The Chancellor filed a memorandum from which we quote as follows:

"As suggested in complainants' brief, there are few, if any, determinative issues of fact in this case. The defendants' discussion of the facts has confirmed the Court's impression that the defendant, Mrs. Butler, committed no intentional wrong, nor ever sought to practice a fraud on anyone. However, the facts on which she relies, including the untimely death of her husband, and the failure of the City of Bolivar to approve their plans for a subdivision, do not and cannot change or alter the terms of the contract which she and her husband made with the complainants.

"Although the issue is not determinative, the Court is unable to follow the argument that the defendant, Austin Baker, is an innocent purchaser of the lots he claims. Neither the action of the Planning Commission, the City of Bolivar, nor the County Court of Hardeman County removes the stubborn facts that Mrs. Butler and her husband had already conveyed to complainant certain real estate in fee and had dedicated certain adjoining strips for street purposes. The defendant, Baker, is chargeable with knowledge of all these facts. Neither does the fact that the City did not accept the dedication alter the contractual relationship between the Butlers and the

complainants. At the hearing, the Court reminded counsel for complainants that the City of Bolivar was not a party to the suit and that the Court was without authority to make any order against it. To this, counsel responded that they did not expect the city to do anything; and that all that they expected of the court was a declaration of rights between the parties to the suit. Therefore, the Court feels constrained to say that as between the parties, the complainants are entitled to that for which they paid; namely, streets at the points designated in their deeds.

"However, there is a difference between a right and a practical enforcement of that right. Since the City Planning Commission failed to approve the plan of the Butlers for a subdivision, and since the City did not accept the dedication and is not a party to the suit, the Court fails to see just how the complainants expect to enforce this right. The only practical remedy available to them is by way of damages for the breach of their contract. Henderson v. Donovan, 81 Tenn. 289."

We agree with the learned Chancellor that the proof in this cause establishes the allegations of complainants' bill as therein set out, and their rights as therein claimed; but we disagree with his conclusion that the relief to which they are entitled must be limited to an award of damages. Complainants' title to all of Lot 9, as therein described, became absolute and vested by their deed of June 1, 1956, and their right to ingress and egress over and along the 66 foot streets east of Lots 8 and 9 and north of Lot 9, became vested rights with the recording of their deeds to Lots 8 and 9, when considered in

connection with the plat of August 11, 1953 recorded in Deed Book W-3, pages 130-132, Register's Office Hardeman County. These were executed deeds which vested title and rights in complainants, and not merely executory contracts as is indicated by the Chancellor's memorandum opinion. To permit the decree of the County Court to stand, confirming title in defendants, and thus depriving complainants of their vested rights on mere payment of damages therefor, would amount to private eminent domain for the benefit of said defendants. Such exercise of private eminent domain is not permissible. It follows that so much of the decree of the County Court of Hardeman County as undertakes to divest such title and rights out of complainants and vest same in defendants was null and void. Complainants were entitled to a decree to that effect. There is some evidence in the record that the City of Bolivar had worked the street east of Lot 8; and, although the Chancellor in his memorandum found that the City had not accepted this street, we think this is immaterial. That issue is not involved in this lawsuit. Whether or not the City of Bolivar did or ever does accept the dedication of Madison Street or Madison Street Extended east of Lots 8 and 9, and the unnamed 66 foot street north of Lot 9, the complainants are entitled to have the ground occupied by said designated streets kept open for ingress and egress for themselves and the public, so far as Lot 9 is concerned, and for the benefit of their vendee and the public, so far as Lot 8 is concerned. The case of Henderson v. Donovan, 81 Tenn. 289, cited in the Chancellor's opinion, is not controlling in the instant case. That case involved a suit to enforce a vendor's lien for unpaid purchase money for land, to which the defendant filed a cross bill for deduction from the purchase price by

reason of a partial closure of a street bounding the land. The deed in question referred to a 50 foot street on one side of the property, but the owner of the adjoining land on that side who has been expected to furnish half of the street in question, refused to do so; with the result that the cross complainant had only a 25 foot street instead of a 50 foot street on that side. The Court granted the prayer of the cross bill for diminution in the purchase price of the land because of the damage sustained. Such was the limit of the cross complainant's rights in that case, not only because that is what he prayed for, but also because the owner of the additional 25 feet of land expected to be included in the street, was under no obligation to the cross complainant to furnish same. The same result, and for the same reason, was reached in Scott v. Cheatham, 59 Tenn. 713. In that case, complainant's right to have a street, there in question, established was against one only of two tenants in common, the other tenant in common being under no obligation with reference to complainant. In the instant case, however, Mrs. Butler is directly obligated, both individually and as Administratrix, and defendant Austin A. Baker, not being an innocent purchaser, takes subject to her obligation.

In the case of State ex rel. Kincaid v. Hamilton, 109 Tenn. 276, 70 S. W. 619, rights substantially identical with those sought to be established by complainants in the instant case were decreed, even though dedication of the streets there involved had never been accepted. In that case, a tract of land in an unincorporated area, contemplated to be established as the town of East Cumberland Gap, was platted and laid off as a town site, showing streets, alleys, etc., and the map of same was placed of

record. Some lots were sold with reference to this plat; but the streets and alleys were never accepted by the county or any municipality. Later, when the boom in that area subsided, a trust deed encumbering the tract of land, so platted, was foreclosed. The purchaser at the foreclosure sale undertook to fence in the area and enclose the streets and alleys shown on the plat. It was held that the purchasers of lots on the basis of the recorded plat were not entitled to have all the streets and alleys shown thereon kept open as they claimed, but that they were entitled to have the streets, alleys and avenues on which their lots, abutted kept open so as to afford necessary and convenient ingress and egress. That is all complainants are asking in the instant case. This same principle was reaffirmed by this Court in the very recent case of Hudson v. Collier, 48 Tenn. App. 386, 348 S. W. (2d) 350, although in that case it was a park and not a street which was involved. The same result also was reached by the Supreme Court affirming this Court in the case of McCord v. Hays, 202 Tenn. 46, 302 S. W. (2d) 331. From the opinion of this Court in the case of Hudson v. Collier, written by the author of this opinion, we quote as follows:

"The doctrine announced in the case of State ex rel. Kincaid v. Hamilton has been adhered to in a very recent case decided by the Supreme Court, in which the judgment of this Court was affirmed, viz., McCord v. Hays, 202 Tenn. 48, 302 S. W. (2d) 331, decided in 1957. In that case, an alley in the town of Humboldt was ordered kept open for the use of the public, as well as for the individual benefit of the complainant, and abutting owner. From the opinion of the Supreme Court, written by Mr. Chief Justice Neil, we quote, as follows:

" 'As pointed out by the Court of Appeals, and not disputed, the deed by former owners, recognized this alley as a property line, some of the deeds dating as far back as 1872. The same is confirmed by exhibits to the testimony of Jack C. Campbell, engineer and surveyor, and that of Mayor Foltz, who (is) admittedly a disinterested witness.' McCord v. Hays, 202 Tenn. 54, 302 S.W. (2d) 334." Hudson v. Collier, 48 Tenn. App. 398, 348 S. W. (2d) 355.

■ In Hudson v. Collier we, also, ordered cancellation of deeds which constituted a cloud on or against complainants' title and rights, just as in the instant case cancellation is sought, for the same reasons, of so much of the decree of the County Court of Hardeman County as constitutes a cloud on complainants' title and rights. We think they are entitled to such cancellation.

The same result, as to establishment of rights, was also reached in the case of Town of Tullahoma, Mayor and Aldermen v. Gill, 1 Tenn. Cas. (Shannon) 326, ctied in the brief of appellants, where the decision dealt with a public square. In that case, the question involved was whether or not a lot of about 12 acres in the corporate limits of Tullahoma had been dedicated as a public square by reason of a recorded plat and sale of lots on the basis of same. From the opinion of the Supreme Court in that case, written by Freeman, J., we quote as follows:

"The principle is settled, and so far as we can see, is uncontroverted by any authority, that a common law dedication of land to a public use in a case like the present, may take place at once if the act of dedication is unequivocal, and others have acted on the question in view. See (Scott v. State), 1st Sneed,

629 (33 Tenn.). Mr. Dillon says of such dedication the rule is as follows: 'While a mere survey of land by the owner into lots, defining streets, squares, etc., will not, without sale, amount to a dedication, yet a sale of lots with reference to such plat, or describing lots as bounded by streets, etc., will amount to an irrevocable and immediate dedication, binding on both vendor and vendee. Vol. 2, section 503' (3d ed., sec. 642).

"As against the proprietor, a dedication of land for streets and highways may be complete without any act of acceptance on the part of the public; but in order to charge the municipality or local district with the duty to repair, to make it liable for injuries for suffering the street or highway to remain defective, there must be an acceptance of the dedication. This acceptance may be express or implied." Town of Tullahoma Mayor and Aldermen v. Gill, 1 Tenn. Cas. (Shannon) 327.

We also quote from the opinion of this Court, written by Senter, J., in the case of Sawtelle v. Astor, 23 Tenn. App. 33, 126 S. W. (2d) 367, 168 A.L.R. 758, as follows:

"We think it is also the law that where the owner of property gives a deed with a call for a street or alley or other way as adjoining the property conveyed, he is estopped to assert that such a right of way does not exist. In other words, he can not convey the property abutting the street or alley and afterwards deny to the grantee the right to use the street or alley. Brown v. Berry, 6 Cold. 98, 46 Tenn. 98; and numerous authorities from other jurisdic-

tions." Sawtelle v. Astor, 23 Tenn. App. 46, 126 S. W. (2d) 375.

The case of Union Planters Bank & Trust Co. v. Memphis Hotel Co., 124 Tenn. 649, 139 S. W. 715, 39 L.R.A., N.S., 580, was not cited by counsel for either complainants or defendants; but, inasmuch as an injunction which had been granted by the lower court was there dissolved and complainant remitted to its right of action for damages at law, it might be contended that that case is authority for affirmance of the Chancellor in the instant case. We do not think so. In that case, the injunction granted by the lower court was dissolved and the cause dismissed, with remission of the complainant to its right of action for damages at law, because the injunction granted by the lower court, although negative in form, was in substance and effect, in the opinion of the Supreme Court, a mandatory injunction which should not have been granted. This injunction would have required defendant to extend its smoke stack 50 feet higher. In the instant case, on the other hand, the only injunctive relief sought by complainants, and to which relief we think they are entitled, is one purely negative in character. It will restrain defendants from conveying or encumbering any part of the land occupied by the 66 feet streets east of Lots 8 and 9 and north of Lot 9, and from interfering with complainant and the general public in the use of such streets. Whether or not the City of Bolivar will improve and maintain those streets is not involved in this cause.

For the reasons hereinabove stated, the decree of the Chancellor will be reversed, and a decree entered in this Court granting to complainants the relief prayed for in their bill, after which this cause will be remanded to the Chancery Court of Hardeman County for enforcement

and supervision of such decree, and for further proceedings in this cause consistent with this opinion.

The costs of the appeal will be adjudged against the defendants, Mrs. Elizabeth Butler, as administratrix of the estate of R. A. Butler, deceased, and individually, and against defendant Austin A. Baker.

Avery, (P. J. W. S.), and Carney, J., concur.