**Roy REEVES et al., Appellees,**

**v.**

**Billy W. PERKINS et ux., Appellants.**

Court of Appeals of Tennessee,
Western Section.

Oct. 31, 1973.

Certiorari Denied by Supreme Court
May 6, 1974.

W. W. Lackey, Savannah, for appellants.

Howard F. Douglass, Lexington, for appellees.

MATHERNE, Judge.

The issue on appeal is whether an acknowledged way across the defendants' property is a private or public road. Both parties admit the existence of the road, but the defendants insist it is a private field road, and have erected a fence at each end of the road. The plaintiffs, county road commissioners, allege the road is part of the Lexington-Saltillo Road and pray the defendants be enjoined to remove the fences, and be further and permanently enjoined from obstructing the road in any manner. The Chancellor granted the relief sought, and the defendants appeal.

The record establishes there was never an express dedication of the road to the state or county. Dedication, however, is a question of intention and may be either express or implied. McCord v. Hays

(1957), 202 Tenn. 46, 302 S.W.2d 331. "Dedication may arise from the failure of the owner to object to user by the public. A highway may be established in this manner." 16 Am.Jur., Sec. 45, p. 392, quoted in the *McCord* case. The burden is upon the plaintiff to establish by competent evidence that the way across the defendants' land is in fact a public road rather than a private way. On the issue of dedication by user the evidence must be clear and convincing there was an intention to dedicate the roadway and an express or implied acceptance by the public. *McCord* case, supra, and the authorities therein cited.

■ The defendants challenge in this Court the authority of the plaintiffs as road commissioners of Henderson County, Tennessee, to bring this lawsuit seeking to enjoin the defendants from obstructing the road. The defendants insist the action can only be maintained by the Quarterly County Court of Henderson County, and cite as authority the case of Ledbetter v. Turnpike Company (1902), 110 Tenn. 92, 73 S.W. 117. We agree with this insistence of the defendants, but the plaintiffs point out the defendants waived this lack of authority in the plaintiffs to sue by their failure to raise the issue in the trial court as permitted by Rule 9.01, Tennessee Rules of Civil Procedure. Rule 9.01 provides:

> "It is not necessary to aver the capacity of any party to sue or be sued or the authority of a party to s te or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or to be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

■ The complaint alleges the plaintiffs compose the Henderson County Highway Commission and "are charged with the responsibility of maintaining the county highway system within Henderson County including the Lexington-Saltillo Road as mentioned hereinafter." To this allegation of plaintiffs' position, authority and duty, the defendants by answer allege:

"I.

The Defendants have insufficient knowledge to admit or deny the official capacity of the Plaintiffs and demand strict proof thereof. They also neither admit nor deny the nature of the responsibility of the Plaintiffs and demand strict proof of the same."

The record establishes the defendants did not by motion or answer make a "specific negative averment" of the plaintiffs' authority to sue. We must conclude the failure to do so constitutes a waiver of the objection. See and compare: Trounstine v. Bauer, Pogue & Co., 144 F.2d 379 (2 Cir. 1944), cert. denied by Sup.Ct., 323 U.S. 777, 65 S.Ct. 190, 89 L.Ed. 621; Montellier v. United States, 202 F.Supp. 384 (D.C. 1962).

■ The plaintiffs presented 16 witnesses consisting of people who lived in the area, employees and former employees and commissioners of the county highway department. This proof establishes the road has been .in existence and used by anyone who wished to use it since the 1920's. The use included foot travel, horseback, wagon, automobile and pick-up trucks. No owner of the property ever fenced off either of the two ends of the road nor did any previous owner object to or restrict the use of the road. A former county highway commissioner and some county highway department employees testified that the county had graded and ditched the road several times since 1939. One witness traveled the road in a pick-up truck about two or three years prior to suit. The road was used by plaintiff Hubert Petty while a Star Route mail carrier in 1926, because it was at

times the better road from Sardis to Lexington.

The defendants presented ten witnesses.

Vernie Robins, an aunt of the defendant Billy Perkins, testified the former owner of the Perkins' land stopped the WPA workers from working the road; the county road workers did not work the road. This witness last saw the road in question about 25 years ago at which time she traveled the road, which had holes, but the roadway was evident.

Pearl Perkins, an aunt by marriage of the defendant, testified she lived in the area about 47 years ago and knew that people traveled the road on foot and horseback. She traveled the road on one occasion in a wagon, and the road was not barricaded or fenced, nor was permission needed to travel the road. She understood anyone could travel the road if they so desired.

The defendant Billy Perkins testified the road was a field road only. He built a fence along both sides of his farm in 1964 and built a gap at each end of the road at the request of adjoining landowners. This defendant refused permission to a party to use the road for the purpose of hauling some logs. This defendant closed the gaps and obstructed passage along the road. As a result the county highway commission filed the present lawsuit to open the road.

Witness Frank Pierce testified he worked for the county for about three years during the period from 1922 to 1928. He worked on a grader which the county furnished to work roads where the people involved would pay for the gasoline and labor. He and his crew worked this road up to the boundary of the present Perkins' farm. The then owner would not pay for the gas and labor so the grader did not go through. The witness would not identify the particular road as a public road because he said the grader crew at that time would work any road where the money was furnished for gasoline and labor.

The remainder of the defense witnesses appeared to have little if any knowledge of the road and its use. No defense witness testified to any restriction on the use of the road, but some denied it was a public road. All defense witnesses commented upon the rough nature of the road and the difficulty encountered in an attempt to travel the road.

We conclude from the entire evidence as presented by both parties the plaintiffs carried the burden of proving by clear and convincing evidence that a public road was established many years ago across the lands now owned by the defendants.

■ The defendants cannot rely upon the defense of laches. These defendants cannot deny their knowledge of the existence of the road across the land when they purchased the farm in 1959. The defendants admit they placed gaps at each end of the road when they fenced the farm, thus recognizing the right of people to travel the road. These defendants have not been injured to their detriment by unreasonable delay on the part of the plaintiffs to bring suit. This suit was instituted immediately after the defendants closed the gaps and obstructed the road.

■ The defendants have no complaint that the Chancellor failed to describe the road across their property. The lawsuit was filed to enjoin the obstruction of the road as it now exists. The record reveals the road is identifiable, and there was no occasion for a description thereof under the pleadings in this lawsuit.

It results all assignments of error are overruled, and the decree of the Chancellor is affirmed. The cost of this appeal is adjudged against the appellants.

CARNEY, P. J., and NEARN, J., concur.