**IN THE COURT OF APPEALS OF TENNESSEE**
**WESTERN SECTION AT JACKSON**



**FILED**

**Jan. 13, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

| | |
|---|---|
| **CLYDE TULL,** | ) Chester County Chancery Court |
| | ) No. 8596 |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) C/A NO. 02A01-9601-CH-00020 |
| **PAUL WILSON,** | ) |
| | ) |
| Defendant-Appellee. | ) |

_____

From the Chancery Court of Chester County at Henderson,
**Honorable Joe C. Morris, Judge**

**Michael L. Weinman,**
TATUM AND TATUM, Henderson, Tennessee
Attorney for Plaintiff-Appellant.

**Michael T. Tabor,**
Jackson, Tennessee
Attorney for Defendant-Appellee.

OPINION FILED:

**AFFIRMED AND REMANDED**

**FRANKS, J.**

**W FRANK CRAWFORD, P.J. (W.S.):** (Concurs)
**FARMER, J.:** (Concurs)

In this action the plaintiff sought extraordinary relief to prevent defendant from interfering with plaintiff's use of a roadway, and for damages for past interference.

Plaintiff averred that he was entitled to use the roadway because it was either a public road or he had acquired the right through prescriptive use.

Appellant, Tull, resides immediately south of Appellee Wilson's farm. Tull testified that he had traveled the road crossing Wilson's property to access his own farm. When Wilson erected gates across the road, this action was filed, and upon trial, the Chancellor ruled in favor of the defendant on all issues.

First, Tull insists the road was a public way. A private road may be impliedly dedicated to the public by the failure of the owner to object to use by the public. *Reeves v. Perkins*, 509 S.W.2d 233, 235 (Tenn. App. 1973). Such use must be for a long period of time and under claim of right, and not merely permissive use. *Wilson v. Acree*, 37 S.W. 90, 97 Tenn. 378 (Tenn. 1896). Repair or control by a government entity is an element of evidence in determining whether a road has become public. *Sharp v. Mynatt*, 69 Tenn. 375, 1 Lea 375,

2

2 Leg. Rep. 205 (Tenn. 1878). Another factor is whether the owner intended to permanently part with the road and vest it with the public. *McKinney v. Duncan*, 118 S.W 683, 121 Tenn. 265 (Tenn. 1909). The burden rests upon the plaintiff to establish that a road crossing private land is a public road. *Reeves*.

Tull relies on *Reeves* arguing that its facts are analogous to this case. In R*eeves*, plaintiff's witnesses testified that the road had been in existence and used by anyone who wished to for more than fifty years. All manners of transportation were used and no owner of the property fenced off the ends of the road or restricted the use. County employees testified that the county had graded the road several times. A postal worker had used the road as part of his route. Defendant's witnesses offered some opposing testimony but the Trial Court found that the plaintiffs had carried the burden of proving that a public road had been established.

A comparison of the testimony in this case shows that Wilson's witnesses testified to the poor condition, rare use, and primarily private maintenance of the road. There was also testimony that Wilson had given Tull permission to use the road and that access to the road was blocked in the fall of many years by placing a tree across the road.

Our review of the trial court's findings of fact is *de novo* upon the record, with a presumption of correctness. T.R.A.P. 13(d). The evidence does not preponderate against the Trial Court's findings that plaintiff failed to carry the

3

burden in showing that the road had became a public way.

Finally, it is argued that the Court erred in finding that Tull did not have a prescriptive easement to use the roadway.

An easement by prescription is acquired by use which is ?adverse, under claim of right, continuous, uninterrupted, open, visible, exclusive, and with the knowledge and acquiescence of the owner of the servient tenement, and must continue for the full prescriptive period. . . .? *House v. Close*, 48 Tenn. App. 341, 346 S.W.2d 445, 447 (1961). The adverse possessor has the burden of establishing by clear and convincing proof such adverse use. *Whitworth v. Hutchison*, 731 S.W.2d 915, 917 (Tenn. App. 1986). One who enters upon a private roadway for temporary use will not satisfy the requirement of adverse possession. *See Round Mountain Lumber & Coal Co. v. Bass*, 136 Tenn. 687, 700, 191 S.W. 341 (1916); *Macammon v. Meredith*, 830 S.W.2d 577 (Tenn. App. 1991).

In this case, the Chancellor found:

> the road may have been used by the public, but on these occasions it was in the past, and was for farming or hunting purposes. For several years, the defendant has blocked the road with a tree in the wintertime in order to prohibit hunters from using it. At best the road is very rough, not suitable for passage by an automobile, combines, or loaded trucks. The road was built and maintained by Mr. Wilson's family in the past and is now maintained by the defendant and Glenn Maness. The plaintiff was given permission by the defendant to use the road for farm purposes, which was the neighborly thing to do. The plaintiff is not landlocked, and has at least three (3) other routes on paved or gravel roads to get to his farming operations.

Again, our review is *de novo* upon the record, with a presumption of correctness of the findings of the Trial Court

4

unless the evidence preponderates otherwise.  *McCammon*; T.R.A.P. 13(d).

The evidence establishes that Tull's witnesses were neighbors and former road commissioners who testified the road was used often by the community and had been maintained by the county.  Wilson's witnesses were neighbors and road commissioners who testified that Wilson's father had built the road and maintained it with minimal assistance by the county. They testified that there was limited, occasional use by hunters or farmers.

The Trial Court's assessment of the credibility of witnesses is given great weight.  *Leek v. Powell*, 884 S.W.2d 118 (Tenn.App. 1994).  The evidence does not preponderate against the Trial Court's finding that plaintiff did not established the elements of a prescriptive easement by clear and positive proof.  *Whitworth;   McCammon.*

We affirm the judgment of the Trial Court and remand at appellant's cost.

_____
Herschel P. Franks, J.

_____
W. Frank Crawford, P.J.(W.S.)

5

_____

David R. Farmer, J.