**Mary Lou GAMMO**

v.

**Richard ROLEN, et al.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

Aug. 17, 2007 Session.

Oct. 24, 2007.

Permission to Appeal Denied by Supreme Court April 7, 2008.

located on the Rolens' property. Ms. Gammo alleged that language in a deed in her chain of title granted an easement for use of the alley or, in the alternative, that she and her predecessors in title had established an easement by prescription. A Special Master heard evidence and concluded that there was no easement in favor of Ms. Gammo over the Rolens' property. The Trial Court adopted the findings of the Special Master and dismissed Ms. Gammo's complaint. After careful review, we hold that the language in the deed in Ms. Gammo's chain of title which identified the boundary of her property with "an iron pin in an alley or driveway which affords an outlet from the Lot hereinabove described to New Street" created an easement appurtenant for use of the Rolens' alley because the lots now owned by Ms. Gammo and the Rolens were held by a common grantor when this deed was executed. We affirm the Trial Court's ruling that Ms. Gammo did not prove the existence of a prescriptive easement. Affirmed in part and reversed in part.

### I. Background

Ms. Gammo and the Rolens own adjacent lots in Johnson City, Tennessee, (the "Gammo Tract" and the "Rolen Tract," respectively) which front Hillrise Boulevard. A paved alley or driveway[1] (the "Alley") on the Rolen Tract provides access to New Street and runs along the rear edge of Ms. Gammo's property. After the Rolens erected a fence on their property line preventing Ms. Gammo's access to the Alley, Ms. Gammo sued the Rolens to force them to remove the fence and to establish an easement in her favor over the Alley.

Mark D. Edmonds, Jonesborough, Tennessee, for the Appellant, Mary Lou Gammo.

Thomas C. Jessee, Johnson City, Tennessee, for the Appellees, Richard Rolen and Lisa J. Rolen.

### OPINION

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

Mary Lou Gammo sued her neighbors, Richard and Lisa Rolen, seeking removal of a fence the Rolens erected which prevented Ms. Gammo from using an alley

---

1. The parties use "alley" and "driveway" interchangeably when describing the route over which Ms. Gammo seeks an easement. For the sake of consistency, we will use "Alley" throughout this opinion.

Ms. Gammo purchased the Gammo Tract on January 22, 1999, from Cameron E. Perry and his wife, Jane H. Perry. Mr. and Mrs. Perry acquired the property from J.R. Simmonds on April 24, 1970. Mr. Simmonds and his wife, Adelaide R. Simmonds,[2] bought the Gammo Tract in two parcels from H.D. Gump and his wife, Cora P. Gump, by deeds dated June 18, 1958, and July 16, 1954.

Mrs. Gump also owned the Rolen Tract at the time she and her husband transferred the Gammo Tract to Mr. and Mrs. Simmonds. Mrs. Gump obtained the Rolen Tract and some adjacent property from her husband by gift deed in 1928.[3] In 1963, the Rolen Tract was transferred out of the Gump family by Hamilton National Bank as executor of the Estate of Cora Patton Gump. The property changed hands several times before the Rolens purchased it in 1992, but we need not list these intermittent purchasers as they are not relevant to our discussion.

The 1958 deed conveying a portion of the Gammo Tract from Mr. and Mrs. Gump to Mr. and Mrs. Simmonds contains the following language in the description of the property: "thence with the line of said Smith Lot, S. 52 degrees 43 minutes E. 90 feet more or less to an iron pin *in an alley or driveway which affords an outlet from the Lot hereinabove described to New Street ....*" (emphasis added). In this lawsuit, Ms. Gammo argues that the language in the Simmonds' deed, which is part of her chain of title, constituted the grant of an easement over the Alley in favor of owners of the Gammo Tract, including herself. In the alternative, Ms.

Gammo asserted that she had obtained an easement by prescription over the Alley.

By agreement of the parties, the case was referred to a Special Master, who concluded that there was "no instrument which expressly creates or reserves an easement appurtenant to the Gammo Tract over and across the Rolen Tract for purposes of ingress and egress." The Special Master indicated that he was willing to hear evidence about the possibility of an easement by prescription, and such evidence was offered later. The Special Master then issued a supplemental report which found that Ms. Gammo did not establish any of the elements of a prescriptive easement by clear and convincing evidence. Ms. Gammo filed exceptions to the supplemental report of the Special Master, and the Rolens filed a motion for the Trial Court to adopt the findings of the Special Master. After a hearing, the Trial Court adopted the Special Master's findings, dismissed Ms. Gammo's complaint, and stated that the Rolens were "entitled to file a copy of this Order with the Register of Deeds Office of Washington County in order to clearly set forth on the record that no easement of any type exists in favor of the plaintiff, Mary Lou Gammo, her predecessors and successors in title over the lands of the defendants, Richard and Lisa J. Rolen." Ms. Gammo appeals.

## II. Discussion

Ms. Gammo has presented two issues on appeal, which we restate as follows:

1. Whether the Trial Court erred in finding that the language of the deeds did not create or reserve an easement appur-

---

**2.** The record indicates that Mr. Simmonds was the named devisee of Mrs. Simmonds' will, and that he sold the Gammo Tract to the Perrys after his wife's death.

**3.** In 1907, Mr. Gump acquired the Rolen Tract and additional property from Carnegie Development Company. He transferred a portion of the property, including the Rolen Tract, to his wife in 1928.

tenant over the Alley in favor of the Gammo Tract.

2. Whether the Trial Court erred in finding that there was no easement by prescription over the Alley in favor of the Gammo Tract.

### A. Grant of an Easement in Deed

■ Interpretation of a deed is a question of law. *Griffis v. Davidson County Metro. Gov't,* 164 S.W.3d 267, 274 (Tenn. 2005). We review a trial court's conclusions of law *de novo* with no presumption of correctness. *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn.1996); *Presley v. Bennett,* 860 S.W.2d 857, 859 (Tenn.1993). In this case, we are presented with a deed in the chain of title for the Gammo Tract that locates a boundary of the property by an iron pin "in an alley or driveway which affords an outlet from the Lot hereinabove described to New Street." The Alley described in the deed is located on the Rolen Tract, and Ms. Gammo maintains that this language confers an easement over the Alley for the benefit of owners of the Gammo Tract. We agree.

The Tennessee Supreme Court has stated that:

[A] right of way may be so incident to an estate, that a grant of the estate will carry with it the right of way, though the grantor be at the time, the owner of the servient estate upon which the way is . . . .

A peculiar illustration of this is, when the owner of land in a city, subdivides it into lots, with intersecting streets, and sells the lots to purchasers. Until sale be made by the owner, no easement exists in the streets. A man can not [sic] have an easement in his own land, but *when he sells and conveys a lot abutting upon the street, the purchaser takes, as incident to his lot, a right of way in the street.* This is true of the

street as a private way, not intended for the public by dedication. Upon the facts, a presumption accrues that the owner intended and did convey to the purchaser, the right of way, with the lot conveyed.

The right of the purchaser of the lot, to the easement or use of the street, is sometimes put on the ground of estoppel, but it may well stand upon principle, that *the grant of the lot carries with it the easement of the street, under circumstances of the kind mentioned.*

*Brown v. Berry,* 46 Tenn. 98, 1868 WL 2178, at *2–3 (Tenn.1868) (emphasis added). Similarly, we have held that:

[W]here the owner of property gives a deed with a call for a street or alley or other way as adjoining the property conveyed, he is estopped to assert that such a right of way does not exist. In other words, he can not [sic] convey the property abutting the street or alley and afterwards deny to the grantee the right to use the street or alley.

*Sawtelle v. Astor,* 23 Tenn.App. 33, 126 S.W.2d 367, 375 (1938); *accord Baker v. Butler,* 51 Tenn.App. 111, 364 S.W.2d 916, 922 (1962) (quoting *Sawtelle,* 126 S.W.2d at 375).

A multitude of jurisdictions agree with this reasoning. *See, e.g., Layman v. Gnegy,* 26 Md.App. 114, 337 A.2d 126, 128 (1975) ("Maryland has long followed the majority rule that where a street or other way is called for as a boundary and the grantor owns the fee in the street, the grantee gets a right of way by implication to the nearest public road."); *Robertson v. Robertson,* 214 Va. 76, 197 S.E.2d 183, 186 (1973) ("Where a grantor conveys land by deed describing it as bounded by a road or street, the fee of which is vested in the grantor, he implies that such way exists and that the grantee acquires the benefit

of it."); *Jones v. Sedwick,* 383 Pa. 120, 117 A.2d 709, 711 (1955) ("In a conveyance of land where a street or roadway is a named boundary, the grantee acquires an easement to the use of such street or roadway if the grantor owns the fee."); *Hughes v. Lippincott,* 56 N.M. 473, 245 P.2d 390, 393 (1952) ("It is the general rule and the rule followed in this state that where the description of property conveyed calls for a road or way as a boundary and the grantor owns the fee in said way, an easement in the way passes to the grantee and his heirs and assigns by implication of law.")

The clear weight of authority in Tennessee and other jurisdictions leads us to conclude that the language in the Gumps' 1958 deed to Mr. and Mrs. Simmonds created an easement appurtenant over the Rolen Tract (which, at the time, was still owned by Mrs. Gump) for the benefit of Mr. and Mrs. Simmonds and future owners of the Gammo Tract. Because the lots had a common grantor—Mrs. Gump— and the language in the deed refers to the Alley both as a boundary of the Gammo Tract and as providing access from the Gammo Tract to New Street, we hold as a matter of law that the deed created an easement for use of the Alley on the Rolen Tract in favor of the owners of the Gammo Tract. The Trial Court erred in holding otherwise.

### B. Easement by Prescription

██ Ms. Gammo also asserts, in the alternative, that she holds a prescriptive easement across the Alley for ingress and egress from her property to New Street. In *Pevear v. Hunt,* we restated the elements of a prescriptive easement as follows:

To create a prescriptive easement, the use and enjoyment of the property must be adverse, under a claim of right, continuous, uninterrupted, open, visible, exclusive, with the knowledge and acquiescence of the owner of the servient tenement, and must continue for the full prescriptive period. In Tennessee the prescriptive period is 20 years.

*Pevear v. Hunt,* 924 S.W.2d 114, 116 (Tenn.Ct.App.1996) (internal citations omitted). The party seeking the easement has the burden of proving all of these elements by clear and convincing evidence. *Stone v. Brickey,* 70 S.W.3d 82, 86 (Tenn. Ct.App.2001).

Ms. Gammo purchased the property in 1999. Therefore, in order to establish the existence of a prescriptive easement, she must demonstrate that she and/or her predecessors in title used the driveway on the Rolen Tract for at least 20 years in a manner that satisfied the requirements for a prescriptive easement.[4]

Ms. Gammo testified that she purchased the Gammo Tract in January of 1999, rented the property for a few months, had the house remodeled, and then moved in there herself in December of 1999. Her dispute with the Rolens over use of the Alley began in July of 2000 when Ms. Gammo's nephew used the Alley to access and park in the backyard of Ms. Gammo's property during a Fourth of July party. The Rolens placed a note on the car's windshield stating that the car was on their property and needed to be moved. Mr. Rolen also spoke with some of Ms. Gammo's guests and asked them to have the owner move the car. Later that afternoon, Ms. Gammo spoke with Mr. Rolen, who wanted her to bring out her papers regarding ownership

---

4. We have held that "under certain circumstances, the prescriptive period can be established through combining successive possessions or uses." This procedure is referred to as "tacking." *Michael v. Jakes,* No. M1999–02257–COA–R3–CV, 2002 WL 1484448, at \*5 (Tenn.Ct.App.M.S., July 12, 2002).

of her property, which Ms. Gammo declined to do while she was entertaining. Ms. Gammo stated that she did not discuss the issue further with the Rolens after the party ended or at any other time. That October, the Rolens erected the fence along their property which blocked Ms. Gammo's access to the Alley. Ms. Gammo stated that prior to the installation of the fence, she had walked up and down the Alley several times with her dog, arranged for a truck to deliver items to her backyard using the Alley one time, and may have driven down the Alley herself one other time.

Mr. Perry, who, along with his wife, owned the Gammo Tract from 1970 to 1999, testified that the Alley provided access to the back of his house, where he had installed a carport to store vehicles. Mr. Perry stated that he used the Alley occasionally when he moved cars in or out of his carport or when he needed extra parking for visitors, and he thought his deed gave him the right to do so. Mr. Perry admitted that there was no path or paved area leading from the Alley on the Rolen Tract onto the Gammo Tract showing regular use, and that he just drove through the grass to get to his carport when he used the Alley to access his property. Mr. Perry stated that he parked his vehicles in his driveway at the front of his house on a daily basis, which did not require traversing the Rolen Tract.

Mr. Rolen testified that the Perrys were his neighbors when he and his wife purchased the Rolen Tract in 1992. He said that he never saw the Perrys use the Alley on the Rolen Tract for any extended period of time. Regarding the Perrys' use of his Alley, Mr. Rolen stated, "From the time that I moved in until the time that he sold the property, I saw a very small pickup truck that I believed to be his two to three times go out the back part of my driveway to New Street." Mr. Rolen also stated that the only time he saw any vehicle use the Alley after Ms. Gammo purchased the Gammo Tract was during her party in July of 2000. Mr. Rolen stated that this vehicle was parked on the property line between his lot and Ms. Gammo's lot, which is why he asked that it be moved.

The Special Master and the Trial Court found that Ms. Gammo failed to prove the elements of a prescriptive easement by clear and convincing evidence. After hearing arguments on Ms. Gammo's objections to the Special Master's findings, the Trial Court adopted the Special Master's findings and ruled that Ms. Gammo did not possess a prescriptive easement over the Rolen Tract.

■■■ Our standard of review under these circumstances is extremely limited, as we discussed recently in *In re Estate of Ladd:*

> Where there has been a concurrent finding of the Special Master and Chancellor, this Court may not disturb the concurrent findings. Tenn.Code Ann. § 27–1–113. A concurrent finding of a master and chancellor is conclusive on appeal, except where it is upon an issue not proper to be referred, where it is based on an error of law or a mixed question of fact and law, or where it is not supported by any material evidence. *Coates v. Thompson,* 713 S.W.2d 83, 84 (Tenn.Ct.App.1986). This standard of review is similar to our standard when reviewing a jury verdict; we must affirm if there is any material evidence to support the trial court's concurrence. *See Id.;* Tenn. R.App. P. 13(d).

*In re Estate of Ladd,* 247 S.W.3d 628, 636 (Tenn. Ct.App. 2007). Upon reviewing the record, we find ample evidence to support the findings of the Special Master and Trial Court in concluding that Ms. Gammo

failed to prove by clear and convincing evidence that she held a prescriptive easement across the Rolen Tract.[5] Therefore, we find no error in the Trial Court's ruling on this issue.

### III. Conclusion

After careful review, we affirm the Trial Court's ruling that Ms. Gammo did not acquire an easement by prescription across the Rolen Tract. However, we hold that the Trial Court erred by concluding that Ms. Gammo, as owner of the Gammo Tract, did not have an easement for use of the Alley by virtue of the 1958 deed from Mr. and Mrs. Gump to Mr. and Mrs. Simmonds. Therefore, we reverse this portion of the Trial Court's judgment and remand to the Trial Court for entry of an order recognizing the existence of an easement appurtenant for use of the Alley in favor of the Gammo Tract and for taxing the costs below. The Trial Court's order may be recorded with the Washington County Register of Deeds. Costs on appeal are taxed against the Appellees, Richard Rolen and Lisa J. Rolen.

---

5. Both parties have cited a Washington County Chancery Court case, *Allen v. West,* in support of their positions regarding an easement over the Alley. In that case, James M. Allen and Jean M. Allen, former owners of the Rolen Tract, sued Edward T. West, Jr., and Ruth Beasley West, owners of property adjoining the Rolen Tract, to enjoin the Wests from using or blocking the Alley. The chancellor found that the Wests did not have an easement over the Alley either by prescription or by their deed. As we have decided that Ms. Gammo has an easement over the Alley based on the specific language of a deed in her chain of title but does not possess a prescriptive easement, we find it unnecessary to discuss the *Allen v. West* opinion.