**Lawrence D. SELLICK et al.**

v.

**Gene S. MILLER et al.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

Assigned on Briefs Sept. 15, 2008.

Feb. 27, 2009.

Permission to Appeal Denied by Supreme Court Sept. 28, 2009.

G. Earl Patton and Susan M. Hyder, Crossville, Tennessee, for the appellants, Lawrence D. Sellick and Sheri A. Sellick.

C. Douglas Fields, Crossville, Tennessee, for the appellees, Gene S. Miller and Lois J. Miller.

## OPINION

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, Sp. J., joined.

Landowners Lawrence D. Sellick and Sheri A. Sellick ("the Sellicks"), who own the Archie Tate Farm Road ("the farm road"), brought this action for a declaration that their neighbors, Gene S. Miller and Lois J. Miller ("the Millers"), do not have a right to use the farm road for ingress and egress from property owned by the Millers and designated as Map 85, Parcel 5.07 ("Parcel 5.07"). The deed to Parcel 5.07 contains no language concerning an easement, and the property fronts on a paved county road. The Millers own a second piece of property designated as Map 85, Parcel 5.02 ("Parcel 5.02"). The deed to Parcel 5.02 contains an easement over the farm road. The Millers filed a motion for partial judgment on the pleadings, claiming they have the right to transfer the easement for Parcel 5.02 to Parcel 5.07 because the deed to Parcel 5.02 states, "This easement shall be freely transferable and shall pass with the title to the above property." They also claim that the recitation in the deed to Parcel 5.07 that "a new 50 foot ROW road" is a boundary, creates an easement in the farm road for the use and benefit of Parcel 5.07. The trial court refused to grant the Millers' motion on the "transferability" issue, holding that the language in the deed to Parcel 5.02 "is at best ambiguous and possibly such that further proof may be proper to ascertain its meaning." The court granted the Millers' motion, however, on its second basis, i.e., the recitation in the deed to Parcel 5.07 that "a new 50 foot ROW road" is a boundary created an easement in the farm road benefitting Parcel 5.07. We hold that the deed to Parcel 5.02 is not ambiguous and, furthermore, that the Millers do not have an easement in the farm road on any of the bases asserted. We vacate the judgment and remand for further proceedings.

### I.

The Millers purchased property in Cumberland County consisting of 17.66 acres, denoted in this opinion as "Parcel 5.20." The deed to that property conveyed a 50 foot right of way over and across the farm road. The deed was recorded on May 26, 2004.

On November 11, 2005, the Sellicks purchased property in Cumberland County consisting of 17 acres, known as Map 72, Parcel 67.01. On the same day, the Sellicks purchased the farm road. The farm road is not a county road.

On June 29, 2007, the Millers purchased another tract of property consisting of 7.82 acres designated in this opinion as Parcel 5.07. Parcel 5.07 fronts on Pomona Road, a paved county road. The deed lists both "Pomona to Bakers Road" and "a new 50 foot ROW road" as boundaries, but it contains no language expressly granting or reserving a right-of-way or easement.

After purchasing Parcel 5.07, the Millers began using the farm road to access that property. When the Millers purchased Parcel 5.07, the Sellicks owned the farm road; the grantor of the Millers with respect to Parcel 5.07 did not have ownership rights in the farm road. The two parcels owned by the Millers are not contiguous and do not abut, but Parcel 5.07 is adjacent to Parcel 67.02, another parcel owned by the Sellicks.

The various parcels involved in this litigation and the farm road are reflected on the attached appendix.

The Sellicks erected a fence [1] to prevent access from Parcel 5.07 to the farm road, but the Millers allegedly removed the fence and continued their use. The Sellicks then sued, asking for a declaration that the Millers do not have a right to use the farm road as a means of ingress and egress for Parcel 5.07. The Millers filed a counterclaim and then a motion for partial judgment on the pleadings. The trial court denied the Millers' motion on one basis but granted it on their alternative ground. The court certified its judgment as final pursuant to the provisions of Tenn. R. Civ. P. 54.02.[2]

## II.

The issues presented are:

Whether deed language stating that "this easement shall be freely transferrable" allows the Millers to transfer the easement rights of Parcel 5.02 to Parcel 5.07.

Whether the fact that the deed to Parcel 5.07 lists "a new 50 foot ROW road" as a

boundary creates an easement over the farm road for the benefit of Parcel 5.07.

## III.

 Interpretation of a deed is a question of law. *Griffis v. Davidson County Metro. Gov't*, 164 S.W.3d 267, 274 (Tenn.2005). We review a trial court's conclusions of law *de novo* with no presumption of correctness. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 28 (Tenn.1996).

 Our protocol when evaluating whether the trial court properly granted a Tenn. R. Civ. P. 12.02(6) motion to dismiss is as follows:

A Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof. Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action as a matter of law. In ruling upon a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true. The motion to dismiss should be denied unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. In considering this appeal from the trial court's grant of the defendants' motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions de novo with no presumption of correctness. Tenn. R.App. P. 13(d).

---

1. The Millers assert the fence is partly on their property.

2. The trial court certified its judgment as final only "as to the second issue"—the issue upon which the court granted the Millers' motion.

In the interest of judicial economy, and in view of the fact that the parties have briefed both bases of the motion, we have elected to address both.

*Leggett v. Duke Energy Corp.*, No. W2007–00788–COA–R3–CV, 2008 WL 4756653, at *2–3 (Tenn. Ct.App. M.S., filed October 29, 2008) (citing *Bell v. Icard*, 986 S.W.2d 550, 554 (Tenn.1999)).[3]

## IV.

### A.

The deed to Parcel 5.02 conveyed a 50 foot right of way over and across the farm road. The deed states, "Also conveyed is the use of a 50 Foot R.O.W. known as Archie Tate Farm Road described for the purposes of ingress, egress, placement and maintenance of utilities and for all lawful purposes. . . ." The deed then describes the easement and, following the description, states, in all capital letters:

> The use of this easement is expressly conditioned upon the following conditions:
>
> 1. All utilities installed must be installed down the sides of the right-of-way.
> 2. The holders of this easement shall return all property disturbed due to construction or maintenance of utilities to its original condition.
>
> This easement shall be freely transferable and shall pass with the title to the above realty.

The Millers assert that the deed's "freely transferable" language not only gives them the right to transfer the easement rights of Parcel 5.02 to another piece of nearby property owned by them, *i.e.*, Parcel 5.07, but also that the language "creates an easement with rights of use at [their] discretion."

 The rules concerning the interpretation of deeds are well-settled and are for the purpose of enabling the courts to ascertain the intention of the parties to the deed. *Mitchell v. Chance*, 149 S.W.3d 40, 44 (Tenn.Ct.App.2004) (citations omitted). The courts should first seek to determine the parties' intentions by examining the words of the deed. *Id.* (citing *Hutchison v. Board*, 194 Tenn. 223, 227–28, 250 S.W.2d 82, 84 (1952)). The words of the deed should be considered in the context of the whole deed. *Id.* (citations omitted).

 The trial court found the words "This easement shall be freely transferable and shall pass with the title to the above realty" to be ambiguous. We do not. By use of the conjunctive "and," the drafter of the deed tied transferability to "the title to the above realty." The "above realty" can only refer to the land conveyed by the deed, which is Parcel 5.02. Thus, the easement is freely transferable with the title to Parcel 5.02. To hold otherwise would defeat fundamental principles of property law.

Our construction of the deed language at issue in this case is also consistent with well-established applicable law. *See Adams v. Winnett*, 25 Tenn.App. 276, 281–82, 156 S.W.2d 353, 357 (Tenn.Ct.App. 1941). In *Adams*, this court quoted the general law as follows:

> The use of an easement must be confined strictly to the purposes for which it was granted or reserved. A principle which underlines the use of all easements is that the owner of an easement cannot materially increase the burden of it upon the servient estate or impose thereon a new and additional burden. A fundamental principle is that *an easement for the benefit of a particular piece of land cannot be enlarged and extended to other parcels of land, whether adjoining or distinct tracts, to which the right*

---

**3.** The evidence considered for determination of this motion consisted of the pleadings, including a complaint with deeds and a tax map as exhibits. We thus treat the judgment as a granting of a motion to dismiss and not a summary judgment motion.

*is not attached.* In other words, an easement appurtenant to a dominant tenement can be used only for the purposes of that tenement; it is not a personal right, and cannot be used, even by the dominant owner, for any purpose unconnected with the enjoyment of his estate. The purpose of this rule is to prevent an increase of the burden upon the servient estate, and it applies whether the easement is created by grant, reservation, prescription or implication. *Id.* (internal citations and quotations omitted) (emphasis added). It is thus clear that the easement granted in the deed to Parcel 5.02 cannot be enlarged by extending it to Parcel 5.07. What the grantor conveyed in the deed to the Millers of Parcel 5.02 was an easement for the use and benefit of Parcel 5.02—one that would pass with the title to that parcel. Nothing more.[4]

We hold that the trial court erred in finding ambiguity in the plain words of the deed and in suggesting that extrinsic or parol evidence can be offered to clarify the supposed ambiguity at some later time in the litigation. *See Cellco P'ship v. Shelby County,* 172 S.W.3d 574, 594 (Tenn.Ct.App. 2004) (where language is unambiguous, other matters not considered).

### B.

The trial court found that "by law" the Millers have an easement for access and use of the farm road, stating:

> [T]he Court finds that the language in *Gammo v. Rolen,* [253 S.W.3d 169 (Tenn.Ct.App.2007)] and more particularly the cases relied upon therein such as *Brown v. Berry,* 46 Tenn. 98, [1868 WL 2178] (1868), *Sawtelle v. Astor,* [23 Tenn.App. 33, 126] S.W.2d 367 (Tenn.Ct.

App.1938), *Baker v. Butler,* [51 Tenn. App. 111,] 364 S.W.2d 916 (Tenn.Ct.App. 1962) as well as cases from other jurisdictions, are persuasive and controlling.

In *Gammo,* this court found an easement for use of an alley when the language of a deed in the landowner's chain of title provided as part of the description of the property: "thence with the line of said Smith Lot, S. 52 degrees 43 minutes E.90 feet more or less to an iron pin *in an alley or driveway which affords an outlet from the Lot hereinabove described to New Street...."* *Gammo,* 253 S.W.3d at 171 (emphasis in original). We held:

> Because the lots had a common grantor—Mrs. Gump—and the language in the deed refers to the Alley both as a boundary of the Gammo Tract and as providing access from the Gammo Tract to New Street, we hold as a matter of law that the deed created an easement for use of the Alley on the Rolen Tract in favor of the owners of the Gammo Tract.

*Id.* at 173.

The Sellicks distinguish *Gammo,* quoting the language above and noting that the deed contained the provision that the "alley or driveway ... affords an outlet ... to New Street...." Despite the statement of the trial court in its judgment in this case that *Gammo* is controlling, the Millers "respectfully disagree that the [trial court] based [its] decision upon the holding and/or reasoning found in the *Gammo* case." Then, in seeming contradiction to that statement, the Millers argue that the *Gammo* decision relied both on the language in the deed and the fact that the alley was named as a boundary in the deed. Their position is that when a deed

---

4. The Millers argue that "at a minimum [they] can subdivide their tract [Parcel 5.02] and convey rights of use to each new owner of their subdivided property...." That issue is not involved in this lawsuit, and we do not address it.

names a street or road as a boundary to the property transferred, the grantee acquires an easement in the street or road named. We disagree with the trial court's holding that *Gammo* and the cases cited in it are controlling in this case.

 In this case, the original grantor divided properties and created the farm road and executed deeds to the properties. In 2004, the Millers purchased Parcel 5.02, which contained an express grant of an easement to use the farm road. In 2005, the Sellicks bought Parcel 67.01 *and they purchased the farm road from their original grantor.* In 2007, the Millers purchased Parcel 5.07 from a third party, Darrell Ray Shubert. The deed for Parcel 5.07 did not contain a right of way for use of the farm road. When a dispute arose concerning whether an easement was created by the deed's boundary language, it was the Sellicks, and not the Millers' grantor, Mr. Shubert, who complained.

The Millers argue the courts have settled on estoppel as the legal theory supporting rulings that owners who give a deed with a call for a street or alley may not thereafter assert that a right of way does not exist. In this case, however, the Millers are not trying to estop the owner, Mr. Shubert, or the original grantor, but rather the Sellicks, who are third parties with no contacts to the deed transactions on which the Millers rely. In *Sawtelle,* a case relied on by the trial court and the Millers, this court said, "Where the *owner of property* gives a deed with a call for a street or alley or other way as adjoining the property conveyed, he is estopped to assert that such a right of way does not exist." *Sawtelle,* 126 S.W.2d at 375 (emphasis added). In this case, the Sellicks were not the owners who gave the deed to

Parcel 5.07. Furthermore, we do not find this to be a situation in which a right of way is "so incident to an estate, that a grant of the estate will carry with it the right of way." *See Brown,* 46 Tenn. 98, 1868 WL 2178, at *2–3. As previously noted, Parcel 5.07 fronts on a paved county road.[5]

 The record does not support the Millers' claim that the recitation of the boundary creates an estoppel. In addition, they have failed to show an easement by estoppel. To prevail under a theory of easement by estoppel, the party claiming the estoppel must show that the owner of the servient estate made some misrepresentation, the party believed the communication, and the party relied on the communication. *Adcock v. Witcher,* No. 01–A–01–9505–CH00220, 1995 WL 675852, at *5 (Tenn.Ct.App. M.S., filed November 15, 1995) (citations omitted). As we noted, " '[t]he principle of an estoppel of this character is that the party who is to be [affected] by it has, by his own word or conduct, misled another into a course of action that, if the estoppel is not enforced, will work an injury to him who is thus misled.' " *Id.* (*quoting Moses v. Sanford,* 70 Tenn. 655, 659 (Tenn.1879)). There are no facts to this effect in the record.

We do not express an opinion either way as to the Sellicks' argument that developing Parcel 5.02 and 5.07 by division "will materially increase the burden on the servient estate" and on the farm road that the Sellicks now own. In response to the Sellicks' allegations that the Millers intend to subdivide Miller Parcels 5.02 and 5.07, the Millers admit having markers on Parcel 5.07. They also admit having multiple water lines on Parcel 5.02 and having installed concrete "to facilitate their use of their

**5.** The Sellicks argue that the Millers have not acquired an easement by implication or prescription. Those issues, as well as several others, were not addressed by the trial court; thus, we do not address them in this opinion.

easement rights" for that parcel. But they answered that they "can neither admit nor deny [the Sellicks'] contentions [that they intend to develop the properties] as they are not factual assertions." The facts necessary to rule on the issue are not in the record, and we decline to address a hypothetical scenario; we do not render advisory opinions. *See Hashmi v. City of Chattanooga*, No. E2007–01199–COA–R3–CV, 2008 WL 4974885, at *9 (Tenn.Ct.App. E.S., filed November 24, 2008) (citation omitted).

We find no bases in the record to support the trial court's holding that the Millers have acquired an easement in the farm road for the benefit of Parcel 5.07. It was error to so hold.

## V.

The judgment of the trial court granting the Millers' motion for partial judgment on the pleadings is vacated. Costs on appeal are taxed to the appellees, Gene S. Miller and Lois J. Miller. This case is remanded to the trial court, pursuant to applicable law, for further proceedings.

APPENDIX