IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 14, 2010 Session

## FRED H. GILLHAM, SR. v. SCEPTER, INC.

**Appeal from the Chancery Court for Humphreys County**
**No. CH-07-029      Robert E. Burch, Judge**

---

**No. M2009-01728-COA-R3-CV - Filed September 28, 2010**

---

The owner of a parcel which has public road access via an easement appeals the trial court's decision regarding its width. The trial court found that the easement narrows from 60 feet to 30 feet along its course. The deed unambiguously states the easement is 60 feet in width. Reference in the deed to another narrower easement relied on by the trial court has no effect on the access easement width being described. Accordingly, we reverse.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

John P. Williams, Nashville, Tennessee, for the appellant, Fred H. Gillham, Sr.

Joseph Addison Woodruff, Christopher S. Dunn, Nashville, Tennessee, for the appellee, Scepter, Inc.

### OPINION

The sole issue on appeal in this declaratory judgment action is whether the trial court erred in its determination of the width of an easement described in a deed to one of the parties.

In July of 1988, Reynoldsburg Development Corporation ("Reynoldsburg") acquired a 113 acre tract located on the Tennessee River in Humphreys County. Thereafter, in September, 1988, Reynoldsburg entered into a stock purchase agreement whereby Garney B. Scott, Jr. was to purchase Reynoldsburg stock. Pursuant to one of the terms of that agreement, in October 20, 1988, Reynoldsburg conveyed a part of this tract consisting of

109.19 acres to its president and owner,[1] Fred Gillham, ("Gillham Parcel"), together with an ingress and egress easement since the Gillham Parcel does not border a public road. Reynoldsburg retained for itself the remaining 3.81 acres. Mr. Gillham signed the deed to himself in his capacity as president of Reynoldsburg. Consequently, the Gillham Parcel had access to a public road over an easement on land owned by Reynoldsburg.

Also pursuant to the stock sale agreement, the sale of the stock of Reynoldsburg to Garney B. Scott, Jr. was effectuated and the name was changed to Scepter, Inc. Consequently, the easement giving the Gillham Parcel access to a public road was on property now owned by Scepter, Inc.

In February of 2007, Mr. Gillham sued Scepter, Inc. asking for a declaratory judgment regarding the width of the easement described in the October 20, 1988 deed.[2] Mr. Gillham claimed the easement is sixty (60) feet wide throughout its course while Scepter, Inc., claimed the easement narrows to thirty (30) feet at the point it leaves Harbor Road.

The language in the deed creating this easement on property owned by Scepter, Inc. is as follows:

> THERE IS ALSO CONVEYED HEREWITH AN EASEMENT FOR PURPOSE OF INGRESS AND EGRESS FROM THE PUBLIC ROAD KNOWN AS THE "CONALCO ROAD" TO THE ABOVE DESCRIBED 109.19 ACRE TRACT, ALONG AND OVER SAID EXISTING ROAD, **SAID EASEMENT BEING 60 FT. IN WIDTH, EXTENDING 30 FEET EACH SIDE OF A CENTER-LINE DESCRIBED AS FOLLOWS:**
>
> Beginning at Center-Line Station 186-16 as shown on Tennessee Department of Transportation Plans for Project No. 2090-A, Sheet No. 10, and on Plan of Entrance Road on the Consolidated Aluminum Corporation, Drawing No. 101007 NJ, Sheet No. 1, and runs thence along a curve to the right having the following center-line data; Delta angle equal to 90 degrees, 00 minutes, 00 seconds; Radius equal to 572.97 ft.; Tangent length equal to 572.97 ft.; Degree of Curvature of 10 degrees, 00 minutes, 00 seconds, for an arc distance of 354.65 ft. to a point of tangent; thence runs with the center-line

---

[1] Reynoldsburg was owned by Tennessee Industrial Machinery Company in 1988, which was owned in turn by Fred Gillham.

[2] In addition, Mr. Gillham's complaint also claimed he was denied access to the easement giving the Gillham Parcel road access. The access issue is not a part of this appeal.

of an existing road known as the "Harbor Road," North 72 degrees, 39 minutes, 35 seconds West, 677.35 ft. to a point of intersection of the center-line of a North South road; **Thence runs with an easement along and over an existing road from said "Harbor Road," South, said easement being 30 ft. in width, extending 15 feet each side of a center-line described as follows**;

Beginning at a point located South 17 degrees, 23 minutes, 35 seconds West 30.00 ft. from center-line Station 196-48.00 as shown on Plan of Entrance Road on the Consolidated Aluminum Corporation Drawing No. 101007 NJ, Sheet No. 1, and runs thence South 17 degrees, 23 minutes, 35 seconds West 344.57 ft.; South 40 degrees, 30 minutes, 05 seconds West 83.78 ft.; south 16 degrees, 14 minutes, 00 seconds West 127.58 ft; South 23 degrees, 05 minutes, 20 seconds West 53.20 ft.; South 00 degrees, 14 minutes, 10 seconds West 109.14 ft.; South 16 degrees, 16 minutes, 20 seconds West 38.26 ft.; South 66 degrees, 07 minutes, 05 seconds West 66.13 ft.; North 86 degrees, 28 minutes, 50 seconds West 72.69 ft.; North 73 degrees, 37 minutes, 50 seconds West 217.44 ft.; North 82 degrees, 25 minutes, 10 seconds West 65.69 ft.; South 86 degrees, 30 minutes, 05 seconds West 61.80 ft.; South 67 degrees, 42 minutes 25 seconds West 68.14 ft.; South 53 degrees, 28 minutes, 25 seconds West 115.05 ft.; South 46 degrees, 33 minutes, 15 seconds West 72.05 ft., south 39 degrees, 3 minutes, 20 seconds West 62.94 ft.; South 31 degrees, 22 minutes, 50 seconds West 49.75 ft.; South 49 degrees, 57 minutes, 10 seconds West 28.94 ft. to a point in the center of the existing gravel road, terminating in the boundary to the 109.19 acre tract at a point located south 37 degrees, 59 minutes, 10 seconds East 14.88 ft. from an iron pin set at the Southwest corner to a 3.81 acre parcel.

(Emphasis Added).

The parties filed cross motions for partial summary judgment on the disputed easement width. On July 16, 2009, the trial court granted Scepter Inc.'s motion for partial summary judgment on its request for declaratory relief.[3] The court found that the easement width issue pertained to interpretation of a deed for the court to decide, that the deed was

---

[3]The trial court entered a final order under Rule 54.02 Tenn. R. Civ. Proc. with respect to Mr. Gillham's request for declaratory relief. Mr. Gillham's request for injunctive relief pertaining to access remained undecided before the trial court.

unambiguous and, consequently, extrinsic evidence was not relevant.[4] As a result, based on the language in the deed, the trial court found the width of the easement to be as follows:

> The width of the disputed easement in sixty (60) feet wide so long as it follows and passes over Conalco Road and Harbor Road and that the easement is thirty (30) feet wide from the point at which it makes a turn off of Harbor Road and remains thirty (30) feet wide to its terminus.

Mr. Gillham appeals arguing that the trial court erred in the interpretation of the deed and that the easement is 60 feet wide for its entire length.

### ANALYSIS

Construction of a deed is a question of law. *Griffis v. Davidson County Metropolitan Government*, 164 S.W.3d 267, 274 (Tenn. 2005) (citing *Rodgers v. Burnett*, 65 S.W. 408, 411 (Tenn. 1901); *Mitchell v. Chance*, 149 S.W.3d 40, 45 (Tenn. Ct. App. 2004)). Conclusions of law are reviewed *de novo* with no presumption of correctness. *Griffis*, 164 S.W.3d at 274; *Sellick v. Miller*, 301 S.W.3d 636, 639 (Tenn. Ct. App. 2009). The primary task in construing a deed is "to ascertain the grantor's intent from the words of the deed as a whole and from the surrounding circumstances." *Griffis*, 164 S.W.3d at 274 (citing *Collins v. Smithson*, 585 S.W.2d 598, 603 (Tenn. 1979); *Bennett v. Langham*, 383 S.W.2d 16, 18 (Tenn. 1964)). It is an established rule of law that the grantor's intent "is to be determined from the four corners of the instrument if possible." *Bennett*, 383 S.W.2d at 18; *Sellick*, 301 S.W.3d at 640. Other means, such as extrinsic evidence, shall be considered in construing a deed only in the event of an ambiguity. *Bennett*, 383 S.W.2d at 18; *Hardin v. Hardin*, 979 S.W.2d 314, 316 (Tenn. Ct. App. 1998).

The parties agree that the deed conveyed an ingress and egress easement to the Gillham Parcel. The parties agree on the course of the easement. The sole issue pertains to the width of easement.

---

[4]The trial court noted that had the trial court considered the extrinsic evidence introduced by the parties, the extrinsic evidence led to the conclusion that the parties intended the easement to be 30 feet throughout its entire course. Whether or not this is correct, we can weigh extrinsic evidence only where the deed is ambiguous. For example, the deed references the stock purchase agreement which contemplates the access easement would be 30 feet wide throughout its course.

Both parties also agree that consideration of extrinsic evidence is not appropriate and that the issue is resolved by the unambiguous language in the deed.[5] At the beginning of the easement description, it clearly states the easement is 60 feet wide from Conalco Road to the 109.19 acre Gillham Parcel. Scepter, Inc. argues the trial court was correct when it found pursuant to the language in the deed that the easement narrows to 30 feet when it intersects "North South road." The deed, however, does not say that. The deed says that the centerline of the ingress and egress easement created by the deed "runs with an easement along and over an existing road . . . said easement being 30 ft. in width." For whatever reason, the description for the centerline of the 60 foot easement *references* another, different easement that is 30 feet wide. The description in the deed does not state that the easement being created narrows to 30 feet.

The language in the deed to Mr. Gillham describes an easement that is clearly and unambiguously 60 feet wide along its entire course. Consequently, the trial court erred when it held the easement narrowed to 30 feet.

The trial court is reversed. Costs are assessed against the appellee, Scepter, Inc., for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE

---

[5]Scepter, Inc. argues alternatively, that if the language in the deed is ambiguous, then the extrinsic evidence leads to the conclusion that the deed is 30 feet in width along its entire course.